

FILED

JUL 2 5 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:05-cr-0388 OWW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND |
| | ) | ORDER RE: ORDER TO SHOW |
| v. | ) | CAUSE AS TO WHY MICHAEL W. |
| | ) | BRAA, SR., SHOULD NOT BE |
| ERICH SIMROCK, | ) | FOUND IN CONTEMPT OF COURT |
| | ) | FOR VIOLATION OF COURT |
| Defendant. | ) | ORDERS |
| | ) | |
| _____ | ) | |

The hearing on Order to Show Cause why attorney Michael W. Braa, Sr., attorney for Erich Simrock, in this case, should not be found in contempt of court for violation of court orders, came on regularly for hearing on July 23, 2007.

Mr. Braa was present. After having been notified of his right to counsel and to the services of appointed counsel if he was unable to afford counsel, Mr. Braa appeared without counsel. Walter Simrock, the payor of the $40,000 attorney fee on behalf of his brother, Defendant Erich Simrock, was also present at the hearing.

Mr. Walter Simrock was called as a witness, sworn, and testified. Exhibits were received into evidence. Michael W. Braa, Sr., was given full opportunity to present evidence and

1

1  argument in opposition to the Order to Show Cause.  After the
2  matter was submitted, the court enters the following memorandum
3  decision.

4
5                          FINDINGS OF FACT

6      Attorney Michael W. Braa, Sr., ("Braa") was engaged by
7  Walter Simrock to represent Defendant, Erich Simrock in this
8  criminal case.  Mr. Braa was paid a $40,000 flat fee by Walter
9  Simrock for his representation of Erich Simrock in this case.
10 Mr. Braa and Walter Simrock had a prior relationship which was
11 described as one of friendship.

12     This proceeding arises out of the original failure of Mr.
13 Braa to timely appear at 9:00 a.m. on April 23, 2007, for the
14 sentencing of Erich Simrock.  Walter Simrock was present for the
15 sentencing and had to wait until approximately 2:00 p.m. when Mr.
16 Braa finally appeared for the sentencing.  Mr. Braa admitted he
17 had no excuse for his failure to timely appear, failure to notify
18 the Court of his non-appearance, and that he had exercised
19 "indefensible bad judgment" in his failure to appear or to
20 respond to the Court's inquiries.  As a result of this failure to
21 appear, monetary sanctions were imposed on Braa on April 23,
22 2007, by minute order.  The amount of the sanctions originally
23 was to be $1,500, but the amount was reduced by the Court at Mr.
24 Braa's request to the amount of $999, to avoid reporting the
25 sanctions to the California State Bar.  The sanctions order
26 provided for payment to Defendant's family (brother) by 4:30 p.m.
27 on April 27, 2007.

28     Based on the testimony of Mr. Walter Simrock adduced at the

                                2

1  hearing and correspondence referred to by the parties, the
2  parties purported to unilaterally agree to extend the payment
3  date for the monetary sanctions by two weeks.

4      Mr. Braa did not pay the sanctions when due and on June 7,
5  2007, the Court was notified by Walter Simrock's application to
6  enforce sanctions, that as of May 29, 2007, Mr. Braa had not paid
7  the sanction.

8      On June 7, 2007, an Order to Show Cause directed to attorney
9  Braa was issued by the Court, ordering Braa to appear before the
10 Court on Monday, June 18, 2007, at 10:00 a.m., to show cause why
11 Braa failed to comply with the April 23, 2007, court order to pay
12 to Walter Simrock sanctions in the amount of $999.  That notice
13 was electronically served by the Court on Braa at the electronic
14 address provided by Braa to the Court pursuant to the Court's
15 regularly established electronic filing system, under which
16 participating attorneys provide the Court with an electronic mail
17 address for service of notices and documents.  A true copy of the
18 Court's record of the electronic service on Mr. Braa at his
19 designated electronic address on June 7, 2007, is attached hereto
20 marked Exhibit "A" and by this reference incorporated herein.
21 Under Eastern District of California Local Rule 5-135, when
22 counsel have consented to electronic service, L.R. 5-135(g), this
23 Notice constitutes automatic service of the document on all
24 parties.

25     At the hearing, Mr. Braa claimed initially, not to recognize
26 the e-mail address, he then admitted that he "presumed" the
27 address was his, but asserted that he currently has a different
28 electronic address with the Court.  A review of the electronic

3

1  filing system of the Court does not reveal any other address for
2  Braa except braalaw@sbcglobal.net, the address of record at which
3  Braa was served with notice of the June 18, 2007, hearing.
4  Specifically, every open and closed case in which Mr. Braa has
5  appeared since 2005, show that the same e-mail address is used by
6  Mr. Braa and that is the e-mail address at which he was served.

7      Braa did not appear at the June 18, 2007, hearing and an
8  Order to Show Cause was issued to Braa to appear on Monday, July
9  23, 2007, at 10:00 a.m. before this Court to show cause why he
10  should not be found in contempt of Court for violation of Court
11  orders.  A true copy of the Hearing Notice to Braa to appear and
12  of the Order to Show Cause was electronically and was personally
13  served on Braa by United States Deputy Marshal Ann Gaskins.  The
14  OSC and proof of service on Braa was received in evidence as
15  Exhibit 4.  A true copy of the Order to Show Cause re Contempt is
16  attached as Exhibit "B" and by this reference incorporated.

17      Braa filed a responsive Declaration re: OSC Contempt on July
18  19, 2007, and personally appeared without counsel at the OSC
19  hearing on July 23, 2007.

20      Braa's Declaration explains his prior relationship with
21  Walter Simrock, which he describes as friendship and like
22  "family."  In his Declaration under penalty of perjury, Braa
23  admitted that his tardiness to the April 23, 2007, sentencing was
24  without excuse or justification.  It involved a personal issue
25  and should not have interfered with his professional
26  responsibilities.  He sought no sympathy or leniency.  It was
27  inexcusable.  Braa apologized to Walter Simrock after the hearing
28  and, although Mr. Simrock was angry, Braa believed that he had

4

been forgiven.

Braa declared that he knew the $999 sanction was to be paid by the end of the week of April 23, 2007.  On the date the sanctions were due, Braa called Walter Simrock and asked for a couple of weeks to get enough money in his account to pay the sanctions.  As a sole practitioner supporting four children, Braa asserts that money is always an issue.

Braa asserts that no firm date was discussed to pay the money.  Walter Simrock testified that sanctions were to be paid within two weeks.  Braa did not pay the sanctions and on May 31, 2007, received a letter from Walter Simrock, addressed to the Court, stating the money had not been paid.

Out of a sense of urgency, Braa then placed a check in the mail to Walter Simrock for the $999.  A copy of Braa's check dated June 1, 2007, was returned for insufficient funds is Exhibit 1 in evidence, attached as Exhibit "C" and by this reference incorporated.

On June 17, 2007, Braa sent a second check to cover the sanctions, interest, and any bank charges, with a runner to Walter Simrock's place of business.  Braa gave the runner instructions to give the check only to Walter Simrock and to get "some receipt."  The runner told Braa that Walter Simrock was not at his office.

On June 18, 2007, Braa drove the runner to Walter Simrock's office with $1,100 in cash.  Braa saw Walter Simrock's car in front of the business, presumed Walter was inside, but the runner returned saying that Walter Simrock had refused to take the money and would be in court on July 23, 2007.

1       Mr. Braa stated that he called the Court's Clerk, Greg
2   Lucas, to explain the situation and was informed that the U.S.
3   Marshal's Office was attempting to serve OSC papers on Braa.
4   Braa declares he contacted the Marshals and directed them to his
5   residence for proper service.

6       At the July 23, 2007, hearing, Mr. Braa tendered an $1,100
7   cashier's check to the Court to administer as it determines.

8       Mr. Braa's Declaration contains no further assertions.  At
9   the hearing, Braa offered no further explanation or defense to
10  his conduct.

11      In response to the Court's questions about Mr. Braa's
12  failure to appear at the June 18, 2007, OSC hearing, Mr. Braa
13  stated he did not receive notice of the hearing.  The notice of
14  hearing was electronically served at Mr. Braa's court designated
15  electronic address which is still in the Court's electronic
16  filing system and has not been amended or modified by Braa.  It
17  was and is the only address filed with the Court that Braa
18  provided for the Court to electronically communicate with him.

19

20  A.   BRAA'S E-MAIL ADDRESS

21      In response to the Court's questions, Braa claimed not to
22  remember and was uncertain as to how the Court obtained the
23  current electronic address it has on file for him.  Braa stated
24  that he had the sbcglobal address about nine to ten years ago.
25  Braa could not offer an explanation how the Court obtained the e-
26  mail address for him, although he was forced to admit that nobody
27  other than himself could have provided the electronic address to
28  the Court.  The Court's electronic filing records show that this

1  is Braa's only electronic filing of record and the only

2  electronic filing address Braa used with the Court.  The Court

3  finds Braa's statement that he does now know about the sbcglobal

4  electronic address and that it is not his electronic address for

5  the Court, is an intentional or reckless falsehood.

6      The Court finds that the evidence supports a reasonable

7  inference that Braa did receive electronic notice of the June 18

8  hearing and has failed to explain why he did not appear on June

9  18, 2007.

10     A review of the Eastern District of California dockets in

11 which Michael W. Braa, Sr., is an attorney of record reveals that

12 in a 2007 civil action, which Braa mentioned in open court, Braa

13 is an attorney of record.  Contrary to Braa's statement to the

14 court that he used a different current e-mail address for that

15 case, Braa's electronic address for the 2007 civil case is the

16 sbcglobal address.

17     Braa stated at the hearing that in the 2007 civil case that

18 he used a new and different electronic address.  A review of the

19 Court records shows that the only 2007 case in which Mr. Braa has

20 appeared as an attorney is the case of *Families and Schools*

21 *Together v. Auto Maxx, et al.*, 1:07-cv-00659 LJO SMS.  In that

22 case, Mr. Braa represents Defendant Joe Quintana and his

23 electronic filing address is: braalaw@sbcglobal.net.  The Court

24 finds that Braa's statement in open court about the 2007 civil

25 case in which he used a different electronic filing address is

26 false.

27     A review of the Court's electronic filing system shows that

28 on June 7, 2007, the Simrock Order to Show Cause was successfully

1  delivered to braalaw@sbcglobal.net at 13:06:43 p.m. and that the
2  following response was electronically recorded by the receiver:
3  "Response: '2.0.0 157H6JTV019543 Message accepted for delivery.'"
4  The Court's record establishes beyond a reasonable doubt that
5  Braa's statement in open court that his sbcglobal electronic
6  address is an old, unused e-mail address and that he had never
7  seen the June 7 OSC are intentional falsehoods, Braa's current e-
8  mail address provided to the Court was in use and accepted
9  service of the Court's OSC notice for the OSC hearing to be held
10 on June 18, 2007.  Attached as Exhibit "D" is the electronic
11 entry from the Court's electronic filing system which confirms
12 service of the Notice on Braa on June 7, 2007, at 1:06:43 p.m. at
13 braalaw@sbcglobal.net.

14      Further review of docketed cases in which Braa appears as an
15 attorney shows that Braa has used the same sbcglobal electronic
16 mail address since he registered with the Court for electronic
17 filing in February 2005.

18

19 B.   UNILATERAL MODIFICATION OF COURT ORDER

20      Braa admitted at the hearing that he and Mr. Walter Simrock
21 unilaterally purported to modify the Court's original sanctions
22 order for payment of the $999 sanctions on or before April 27,
23 2007, and claimed in his Declaration that no date certain was
24 established for payment.  This Declaration was expressly
25 contradicted by the in-court testimony of Mr. Simrock, who stated
26 that he agreed with Braa that payment was to be made within two
27 weeks following the original payment date that Braa would pay the
28 $999 sanctions.

1  Braa admitted that he did not first notify the Court, nor
2  did he seek any court order, authority, or leave to modify the
3  payment date under the April 23, 2007, monetary sanction order.
4  (Doc. 35.)

5  The sanctions were not paid by 4:30 p.m. on April 27, 2007.
6  Braa claimed to have money issues making it difficult for him to
7  pay the sanctions.  This was never presented to the Court until
8  after the June 18, 2007, OSC and issuance of the July 23, 2007
9  OSC.  Braa offered no legal explanation or excuse for purporting
10 to unilaterally modify the order establishing the sanction
11 payment date.  Braa admitted that he had no authority to modify a
12 court order without court approval.  Braa's conduct in purporting
13 to modify the Court's sanction order was unauthorized and in
14 violation of his duties as an attorney, officer of the court, and
15 a member of the bar of the Eastern District of California.

16

17                         CONCLUSIONS OF LAW

18   1.   From the above facts, the evidence establishes beyond a
19 reasonable doubt that Braa failed to pay to Walter Simrock,
20 sanctions of $999 when due by 4:30 p.m. on April 27, 2007,
21 without legal excuse or justification.

22   2.   The purported unilateral modification of the sanctions
23 order by Braa, without notice to or approval of the court,
24 extending the time for payment is a nullity and in no way excuses
25 Braa's violation of the Order by his failure to make timely
26 payment of the sanctions.

27   3.   Braa's failure to have sufficient funds in his attorney
28 account to pay court ordered sanctions is a violation of

California Rules of Professional Conduct that he manage the financial affairs of his law practice in a responsible manner.

4.    The Court finds that Mr. Braa's failure to appear on June 18, 2007, in response to the June 7, 2007, Order to Show Cause is unjustified.

5.    Mr. Braa's explanation that he does not recall or recognize the e-mail address braalaw@sbcglobal.net nor does he know how it was provided to the Court is false.

6.    Mr. Braa's statement to the Court that he used a new electronic address for a 2007 civil case is intentionally false.

7.    Evidence establishes beyond a reasonable doubt that Braa provided the sbcglobal e-mail address for the Court's electronic filing system and that in fact Braa was electronically served with the June 7, 2007, OSC at that electronic address at 1:06:43 p.m. on June 7, 2007, and that the message was accepted for delivery at his e-mail address on that date.

8.    The Court finds that Braa's statements about his e-mail address and not seeing the OSC Notice for June 18, 2007, are false.

9.    According to the testimony of Walter Simrock, Braa made threatening statements to Mr. Simrock in an effort to dissuade Mr. Simrock from appearing at the July 23, 2007, sanctions hearing although Mr. Simrock was asked to appear by the Court.

10.   Mr. Braa's conduct in endeavoring to dissuade Walter Simrock from pursuing the sanctions matter is tantamount to the obstruction of justice.

11.   Braa's violation of the Court's order for the payment of sanctions is willful and unjustified.

12.   For these reasons, Michael W. Braa, Sr., is ADJUDGED IN CONTEMPT of Court for violation of the court's sanction order by failing to timely pay sanctions to Walter Simrock and for unilaterally attempting to modify the Court's order without notice to or leave of Court.

## REMEDY

By reason of Michael W. Braa Sr.'s violations of the Court's orders and his conduct in contempt of this Court, the following sanctions are imposed:

1.   Michael W. Braa shall pay to the Clerk of Court on or before August 3, 2007, by 4:30 p.m., the additional sum of $400, making acumulative total sanction of $1,500, $1,100 of which were tendered to the Court on July 23, 2007.

2.   Michael W. Braa, Sr., shall notify the State Bar that he has been held in contempt of this Court and shall provide a copy of this Order to the State Bar of California.

3.   On or before August 3, 2007, Michael W. Braa, Sr., shall provide a statement under penalty of perjury to the Courtroom Deputy Clerk, Alice Timken, which designates his e-mail address for the purpose of the Court's electronic filing system. Braa shall further provide a statement about the current status of his electronic address "braalaw@sbcglobal.net," and whether he intends to utilize this address.

///
///
///

4.   The Courtroom Deputy Clerk shall cause a certified copy

11

1  of this order to be served on the State Bar of California.

2

3  SO ORDERED.

4

5  DATED:   July 24, 2007.

6

7  _____

8  Oliver W. Wanger
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**EXHIBIT A**

```
MIME-Version:1.0
From:caed_cmecf_helpdesk@caed.uscourts.gov
To:caed_cmecf_nef@localhost.localdomain
Bcc:Marianne.Pansa@usdoj.gov, braalaw@sbcglobal.net, caed_cmecf_oww@caed.uscourts.gov,
maryann.medelez@usdoj.gov, usacae.ecffrsgen@usdoj.gov
Message-Id:<1669215@caed.uscourts.gov>
Subject:Activity in Case 1:05-cr-00388-OWW USA v. Simrock Order to Show Cause - CR
Content-Type: text/html
```

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### Eastern District of California - Live System

## Notice of Electronic Filing

The following transaction was entered on 6/7/2007 at 10:06 AM PDT and filed on 6/7/2007
**Case Name:**      USA v. Simrock
**Case Number:**    1:05-cr-388
**Filer:**
**Document Number:** 37

**Docket Text:**
ORDER to SHOW CAUSE signed by Judge Oliver W. Wanger on 6/6/7 as to attorney Michael Braa. Show Cause
Hearing set for 6/18/2007 at 10:00 AM in Courtroom 3 (OWW) before Judge Oliver W. Wanger.(Lundstrom, T)

**1:05-cr-388-1 Electronically filed documents will be served electronically to:**

Michael W Braa , Sr     braalaw@sbcglobal.net

Marianne Alexis Pansa     Marianne.Pansa@usdoj.gov, maryann.medelez@usdoj.gov, usacae.ecffrsgen@usdoj.gov

**1:05-cr-388-1 Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=6/7/2007] [FileNumber=1669213-0]
[78c17b2a5d76c8ec4384b7c835629830a03499636d03f4872cd3b527ec0792fbc407
25969440edca195e52836eee318248689803e46252570935cdf3742d2afd]]

**EXHIBIT B**

1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT FOR THE

7                EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        )        No. CR-F-05-388 OWW
                                     )
10                                   )        ORDER TO MICHAEL W. BRAA,
                                     )        SR. TO APPEAR ON MONDAY,
11                Plaintiff,         )        JULY 23, 2007 AT 10:00 a.m.
                                     )        AND SHOW CAUSE WHY HE SHOULD
12        vs.                        )        NOT BE FOUND IN CONTEMPT OF
                                     )        COURT FOR VIOLATION OF COURT
13                                   )        ORDERS
    ERICH SIMROCK,                   )
14                                   )
                                     )
15                Defendant.         )
                                     )
16   _____)

17        By minute order filed on April 23, 2007, monetary sanctions

18   in the amount of $999.00 were imposed against Defendant's

19   counsel, Michael W. Braa, Sr.  (Doc. 35).  The sanctions were to

20   be paid to Defendant's family (brother) by 4:30 p.m. on April 27,

21   2007.

22        By Order filed on June 7, 2007 and pursuant to the

23   application to enforce sanctions submitted to the Court by Walter

24   Simrock, Defendant's brother, Michael W. Braa was ordered to

25   appear on Monday, June 18, 2007 at 10:00 a.m. to show cause why

26   Mr. Braa failed to pay the April 23, 2007 Court ordered sanction

                                     1



GOVERNMENT
EXHIBIT

CASE
NO. 05-388

EXHIBIT
NO. 4

1  in the amount of $999.00.

2  Mr. Braa did not appear on June 18, 2007 in response to the

3  Order to Show Cause.  Walter Simrock appeared and advised the

4  Court that he had agreed with Mr. Braa to a two-week extension

5  for payment of the sanctions.  Walter Simrock presented evidence

6  that Mr. Braa issued a check dated June 1, 2007 in the amount of

7  $999.00 made payable to Walter Simrock and that the check was

8  returned by the bank for insufficient funds.[1]

9  Michael W. Braa, Sr. is hereby ORDERED TO APPEAR in

10  Courtroom 3 on Monday, July 23, 2007 at 10:00 a.m. TO SHOW CAUSE

11  as follows:

12  1.  Why he should not be found in contempt of court for his

13  failure to comply with the Court's Orders.

14  2.  Why he should not be reported to the State Bar of

15  California for his failure to comply with the Court orders.

16  Mr. Braa is hereby notified that his failure to appear on

17  July 23, 2007 will result in the issuance of a warrant for his

18  arrest and will subject him to possible further sanctions for

19  contempt of Court.

20  Mr. Braa is further notified that he is entitled to the

21  services of appointed counsel at the Order to Show Cause hearing

22

23  [1]In addition, Walter Simrock represented to the Court that a
certain expense allegedly paid by Mr. Braa on Erich Simrock's
behalf was overstated.  Specifically, Walter Simrock asserted that
24  Mr. Braa had represented to his client that a doctor had charged
$5,000 for a doctor's report, but that the doctor had told Walter
25  Simrock that his bill was only $1,500.  This dispute concerning the
amount of fees paid to Mr. Braa by or on behalf of Defendant are
26  not at issue in these proceedings.

2

1 | **if he establishes that he is indigent.**

2 | IT IS SO ORDERED.

3 | Dated: __June 19, 2007__        __/s/ Oliver W. Wanger__
               UNITED STATES DISTRICT JUDGE

4 |

5 |

6 | d, Anne Gaskins, certify that I

7 | personally served Michael W. Braa at

8 | 541 E. Fedora St. in Fresno, CA 93704.

9 |

10 | His contact number is (559) 763-4442.

11 |

12 | Date of Service: 06/20/07

13 |

14 | Time of Service: 12:30 p.m.

15 |

16 |

17 | Michael Braa.

18 | PO Box 5297

19 |

20 | Fresno CA 93704

21 | Tel 763-4442

22 | Fax 225-4790.

23 |

24 |

25 |

26 |

3

**EXHIBIT C**

*122000166*
06/07/2007
6323642077

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

RETURN REASON-A
NOT SUFFICIENT
FUNDS

```
00000020104709466
[91/40/2007] [C122501763]
```

Bank of America

DATE June 1, 2007                   $999

DOLLARS @

⑆0011330⑆ ⑉121000358⑉: 05777040800⑈

⑆0011330⑆          05777040800⑈          ⑈⑉000009990⑈

4⑉:121000358:          0577704080⑈          SEQUENCE #          AMOUNT

REASON FOR NON-PAYMENT

---

YOUR ACCOUNT HAS BEEN CHARGED FOR THE FOLLOWING ITEM(S) RETURNED UNPAID.

| REASON FOR NON-PAYMENT | SEQUENCE # | AMOUNT |
|---|---|---|
| Insuf Fund | 3430502564 | 999.00 |

DEPOSITORY ACCOUNT NUMBER: 1230614156

CHARGES FOR PAPER RETURNS

TOTAL CHARGES FOR PAPER RETURNS          999.00



GOVERNMENT EXHIBIT
CASE NO. 05-cr-388
EXHIBIT NO.

**EXHIBIT D**

6/7/2007   13:06:43 brsalaw@sbcglobal.net

Activity in Case 1:05-cr-00388-OWW USA v. Sinrock Order to Show Cause - CR

Message successfully delivered to brsalaw@sbcglobal.net at 207.115.20.21. Response: '2.0.0157i46)\01954.3 Message accepted for delivery'